**Radha MANI, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–70060.**

**Agency No. A78–648–640.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Ahmed M. Abdallah, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Anh–Thu P. Mai, Esq., Anthony W. Norwood, Esq., Julia Doig Wilcox, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Radha Mani, a native and citizen of Fiji, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Our review is limited to the BIA's

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decision, except where the BIA adopted the IJ's opinion. *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999). Reviewing for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

■ Evidence that Mani was forcibly evicted from her leased home and generally harassed does not compel the conclusion that she was persecuted. *See Prasad v. INS,* 47 F.3d 336 (9th Cir.1995) (record did not compel finding of persecution where Indo–Fijian applicant was forced from vehicle, detained, beaten and coercively questioned about his political affiliation).

■ Similarly, the record does not require a finding that Mani has a well-founded fear of future persecution. *See Chen v. INS,* 195 F.3d 198, 203–04 (9th Cir.1999) (holding that where applicant is member of class against whom actual persecution is haphazard, he must provide a stronger showing of individual targeting). Here, the State Department documents state that, although there are ethnic tensions in Fiji, Indo–Fijians "generally do not fear for their lives and many do not fear for their livelihoods." Moreover, Mani did not provide additional evidence of any individualized risk she would face upon return to Fiji. *Id.* at 204–05 (upholding BIA's denial of asylum where State Department documents show low level of persecution against class and applicant did not show that he would be individually targeted). As for Mani's testimony that her family and friends have been the target of crime, there is no evidence that the crimes were committed on account of a protected ground or have any connection to Mani. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (finding that criminal acts perpetrated by anonymous individuals do not establish persecution).

■ As Mani failed to establish eligibility for asylum, it follows that she failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

PETITION FOR REVIEW DENIED.